UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RUSSELL EARNEST BOYD, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:15-cv-00006-JMS-MJD |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus**

The petition of Russell Boyd for a writ of habeas corpus challenges a prison disciplinary proceeding, BTC 13-10-0204, in which he was found guilty of threatening/intimidation. For the reasons explained in this entry, Mr. Boyd's habeas petition must be **granted.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On October 21, 2013, Internal Affairs Officer Jeff Hendershot issued a Report of Conduct charging Mr. Boyd with assault/battery in violation of Code A-102. The Report of Conduct states:

> On 9-7-2013 Offender Boyd did admit to throwing a substance on Offender Horton 981407. Offender Boyd stated it was ice tea. The camera system shows Offender Horton holding his shirt away from his body right after Offender Boyd's actions. Offender Boyd's actions were investigated by the internal affairs office.

Dkt. 16-1.

A Report of Investigation of Incident was also completed, which states:

> An investigation was conducted between the dates of 9/16/2013 and 10/21/2013 involving Offender Russell Boyd #9649 and Offender Kenneth Horton #981407.
>
> On 9/16/2013 an investigation was begun based on video footage supplied to IA by the Screening Office.
>
> Video footage showed an incident which had occurred between Offender Horton and Offender Boyd on 9/7/2013. The video showed that more than one fight had occurred on this date between two offenders.
>
> On 9/16/2013- I interviewed Offender Horton. I also took photos of what appeared to be burns on his upper torso area. The burns appeared to be in the healing process. Offender Horton did admit to fighting with Offender Boyd. During the interview he also admitted to giving Offender Boyd a soda in exchange for two soups.
>
> On 9/17/ 2013- IA received a statement from a staff member who stated that Horton had admitted to him that he had hit Boyd on two separate occasions on 9/7/2013.
>
> On 9/17/2013- I interviewed Offender Boyd. He did admit to throwing a liquid on Offender Horton but stated that it was iced tea. He denied throwing anything hot on Offender Horton. He did admit to giving Offender Horton two soups in exchange for a cold pop.
>
> Based on self-admission- I will be issuing this offender a 102A conduct report.

Dkt. 16-2.

Mr. Boyd was notified of the charge on October 29, 2013, when he was served with the Report of Conduct, the Report of Investigation, and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer, Officer Elder, noted that Mr. Boyd did not want to call any witnesses but he requested the video of the incident as evidence. Dkt. 16-3. Mr. Boyd requested video for 7:55 pm and 9:48 pm on September 7, 2013, alleging that the videos would depict offender Horton assaulting him and that the substance he threw on offender Horton was iced tea because he put ice in his tea before the incident.

After review of the video, the summary completed by Hearing Officer Chapman stated:

The first video does show Offender Horton striking you by the cube entrance door.
The second video does show you go to Offender Horton[']s bed and throw something on him. After you did this a physical altercation starts between you two.

Dkt. 16-5.

Hearing Officer Chapman conducted a disciplinary hearing on October 31, 2013, at which time Hearing Officer Chapman noted, "Offender Boyd requested a voice stress analysis. Offender Boyd also requested a continuance. Offender Boyd says that he did not throw hot tea it was cold." Dkt. 16-8. Hearing Officer Chapman found Mr. Boyd guilty of assault/battery in violation of Code A-102, relying on the staff reports, the statement of the offender, and the Internal Affairs case report. The sanctions imposed included a facility transfer, disciplinary segregation of 180 days, the deprivation of 180 days of earned credit time, and a demotion from credit class I to class II. Hearing Officer Chapman imposed the sanctions because of the seriousness of the offense.

Mr. Boyd's appeals were denied. This habeas action followed.

### III. Analysis

Mr. Boyd alleges that his due process rights were violated during the disciplinary proceeding. His claims are summarized as: 1) he was denied an impartial decision maker; 2) he was denied evidence he requested; and 3) the sanctions were excessively harsh.

For his first claim, Mr. Boyd states that Officer Elder told him during screening that he was recusing himself as the hearing officer in this case because of a conflict of interest. Petition, dkt. 2 at p. 3-4. Mr. Boyd alleges that the conflict was based on offender Horton, the victim in this case, having served as a lay advocate under Officer Elder for over a year. *Id.* at p. 4. Mr. Boyd had also observed the two greeting each other as friends. *Id.* Mr. Boyd contends that Officer Elder impermissibly acted as an "advisor" to Hearing Officer Chapman.

Specifically, Mr. Boyd alleges that when he requested that the charge be lowered to a lesser Class B offense because of his clean disciplinary history, Officer Chapman said that he would have to first speak with Officer Elder. Hearing Officer Chapman and Officer Elder then had a five to seven minute conversation outside in the hallway. When the officers returned, Hearing Officer Chapman told Mr. Boyd that he could not reduce the charge to a lesser offense. Officer Elder remained in the hearing room. In addition, when Mr. Boyd requested that the sanctions be suspended, Officer Elder shook his head in the negative. Hearing Officer Chapman then told Mr. Boyd that he could not suspend any of the sanctions. To the extent Officer Elder advised Hearing Officer Chapman that the reductions *could not* be granted, as opposed to being within the discretion of the hearing officer, such advice was inaccurate.

Inmates are entitled to an impartial decision-maker. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667

(7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* "[T]angential involvement with the underlying facts is not a problem," as far as bias in the disciplinary setting is concerned. *Wilson-El v. Finnan,* 281 Fed.Appx. 589, 591 (7th Cir. June 12, 2008).

The respondent argues that Hearing Officer Chapman was not involved with the investigation of or the underlying facts giving rise to the charge and therefore he was not partial. There is admittedly little appellate authority on other potential instances of bias in disciplinary cases, however, the determination of bias cannot only be restricted to questions dealing with direct involvement. For example, the Seventh Circuit has held that a hearing officer might be impermissibly biased if his spouse or significant other were a crucial witness in the proceeding. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002) ("Oddly, we cannot find an appellate case dealing with the cognate issue of bias in prison disciplinary committees.").

The hearing officer in this case, Hearing Officer Chapman, was not involved in the investigation of nor did he witness the altercations at issue. The undisputed fact remains, however, that Officer Elder recused himself from presiding over this case because of his relationship with the other inmate involved, Mr. Horton. Mr. Horton served as a lay advocate under Officer Elder for over a year and they allegedly were friends. Regardless of whether they were, in fact, "friends," the Court presumes that Officer Elder believed he could not be objective when it came to evaluating the case and recommending sanctions. If Officer Elder's relationship with Mr. Horton made him decide that it would be improper for him to hear Mr. Boyd's case, it was improper for him to be present during the hearing. It was even more improper for him to be allowed to communicate with Hearing Officer Chapman during the hearing. Hearing Officer Chapman's private conversation with Officer Elder after Mr. Boyd requested a reduction in the

charge and Officer Elder shaking his head "no" when Mr. Boyd asked that the sanctions be suspended demonstrate that Officer Elder very likely had some, if not a strong, influence on Hearing Officer Chapman's rulings.  If Hearing Officer Chapman did not intend to take into consideration Officer Elder's input, he should not have stopped the hearing consult with Officer Elder during the hearing and should not have allowed Officer Elder to act as a de facto adjudicator. The foregoing demonstrates that Mr. Boyd was denied an impartial decision maker. His due process rights were violated in this regard.

As noted, Mr. Boyd's habeas petition presents additional claims, but the Court opts not to reach those issues because of its conclusion regarding impartiality.

### IV.  Conclusion

Because Mr. Boyd was denied an impartial decision maker during the disciplinary hearing, his due process rights were violated. Accordingly, his petition for writ of habeas corpus must be **granted.**  The sanctions imposed in BTC 13-10-0204 must be **vacated and rescinded.** This ruling does not prevent the respondent from conducting a rehearing on the charge presided over by a different hearing officer.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  <u>August 23, 2016</u>

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Russell Earnest Boyd
DOC # 9649
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168